UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL T. GOODWIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:06CV848 HEA |
| | ) |
| DON ROPER, | ) |
| | ) |
| Respondent. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e), [Doc. No. 32]. Respondent has filed a memorandum in opposition. For the reasons set forth below, the Motion to Amend the Judgment entered in this matter is denied. The Opinion, Memorandum and Order entered on September 30, 2009 is, however, amended as herein provided.

Petitioner is correct, and respondent agrees, that Petitioner did in fact raise his *Brady* claim in the state, and thus preserved this issue for federal review. Thus, the Court's determination that this claim was procedurally barred was in error. Accordingly, the Court vacates that portion of its Opinion, Memorandum and Order dated September 30, 2009 which so holds. The Court will therefore address the

issues raised in Petitioner's Claim A.

Petitioner contends that the failure of the prosecution to disclose the statement of Ronald Krabbenhoft violated *Brady v. Maryland,* 373 U.S. 83, 87 (1963). The Missouri Supreme Court held there was no violation of *Brady*:

> Defendant challenges the trial court's decision overruling his supplemental motion for a new trial based on the state's failure to alert him to the statements of Dan Krabbenhoft to investigators. Defendant submits that Krabbenhoft witnessed the same event where a state's witness testified a confrontation occurred between Mrs. Crotts and Goodwin over throwing chicken bones and beer cans into Mrs. Crotts' backyard. Defendant claims Krabbenhoft told a state investigator that defendant "played" with the sledgehammer, hitting only the ground with it. Krabbenhoft denied that defendant voiced any threats toward Mrs. Crotts on the occasion he was present, or that Mrs. Crotts was even there. Krabbenhoft's statements, defendant explains, could have been used to impeach James Hall's testimony that defendant hit a rock when he swung the hammer and said to Mrs. Crotts, "This is your head if you keep messing with me." Therefore, defendant reasons that the state's failure to inform him of Krabbenhoft's statement was in violation of *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Rule 25.03(A)(9).*
>
> According to *Brady,* due process requires the prosecution to disclose evidence in its possession that is favorable to the accused and material to guilt or punishment. *Brady,* 373 U.S. at 87, 83 S.Ct. 1194. Evidence is material if there is a reasonable probability that had the evidence been disclosed to the defense, the result would have been otherwise. *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). The issue is not whether the defendant would more likely than not have received a different verdict with the disputed evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. *Kyles v. Whitley,* 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). A *Brady*

violation occurs if: (1) the evidence is favorable to the accused because it is exculpatory or impeaching; (2) the evidence was suppressed by the state either willfully or inadvertently; and (3) the suppression must have prejudiced the defendant. *Strickler v. Greene,* 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

\* \* \* \* \* \* \* \* \*

At trial, defendant's theory of the case was that he suffered from a mental disease or defect and was unable to form the requisite intent. He conceded that he entered Mrs. Crotts' house and eventually beat her in the head with a hammer. In defendant's statement to the police, he maintained that he had only seen Mrs. Crotts one time while living at the boardinghouse. He stated that he did not recognize her, apparently on the day he entered her house, and never paid much, if any, attention to her. Defendant also called a psychologist who testified that defendant told her, consistent with his statement to the police, that he originally thought Mrs. Crotts' house was the boardinghouse and that he had only seen the victim once in the past. Together, he asserts that the statement and testimony suggest a lack of malice and deliberation because he was unsure of where he was going and did not have a previous ongoing conflict with his former neighbor. Krabbenhoft's testimony would have supported this position and served to impeach Hall's testimony, defendant insists.

Nevertheless, it is evident no *Brady* violation occurred here. First, Krabbenhoft's statement to the police does not impeach Hall's testimony. It is questionable that Krabbenhoft and Hall were speaking of the same event. Krabbenhoft was unsure of when he saw defendant "showing off" by pounding the ground with the sledgehammer. He indicated that there were many social gatherings held at the boardinghouse where the sledgehammer was accessible and he, Krabbenhoft, was absent. Krabbenhoft added that he owned the sledgehammer, which was always kept in the yard, and the residents of the boardinghouse played with it occasionally. Moreover, Krabbenhoft told police that he feared defendant because of his temper and propensity for violence when he consumed alcohol. He told officers

> that defendant disliked and harassed Mrs. Crotts. Krabbenhoft's testimony, as a whole, does not undermine Hall's testimony about what appears to have been a separate occasion. In fact, it contradicts defendant's claim to have only seen Mrs. Crotts on one day and that he was not sufficiently familiar with the area to be able to distinguish Mrs. Crotts' house from the boardinghouse.

*State v. Goodwin,* 43 S.W.3d 805, 812 -813 (Mo. 2001).

The Missouri Supreme Court applied applicable federal law in considering Petitioner's claim. The determination was neither contrary to, nor an unreasonable application of the federal law. The Supreme Court determined that the Krabbenhoft's statement did not impeach Hall's testimony. This conclusion is clearly evident from the statements Krabbenhoft made to the police. Krabbenhoft's statements appear to detail a different incident than the incident of which Hall testified. Krabbenhoft also stated that the victim was not around during the incident he detailed. He also stated that the sledgehammer was available to the residents, and that there were many social gatherings at the boardinghouse. Nothing contained in Krabbenhoft's statements would have impeached Hall's testimony. As such, there was no *Brady* violation.

*Strickler,* 527 U.S. at 281-82 . Ground A is therefore denied.

**Remaining Claims**

Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of

judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982) (internal quotations omitted). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T .-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.1998)(internal punctuation and citations omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)).

Rule 59(e) permits a court to alter or amend a judgment, but it "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995) (footnotes omitted).

Petitioner's motion asks the Court to reconsider certain of its rulings. The motion is based on arguments which have been previously made by Petitioner in his Petition and his Traverse. Petitioner presents nothing new which would persuade the Court to reconsider the findings and conclusions it has previously made. Therefore, the Motion will be denied as to claims other than Ground A.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment Pursuant to Rule 59(e), [Doc. No. 32], is **DENIED**.

**IT IS FURTHER ORDERED** that the Opinion, Memorandum and Order dated September 30, 2009 is amended, *nunc pro tunc* as provided herein.

Dated this 16th day of July, 2010.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE